Green Hills (USA), LLC v Marjam of Rewe St., Inc. (2022 NY Slip Op 05153)

Green Hills (USA), LLC v Marjam of Rewe St., Inc.

2022 NY Slip Op 05153

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-02455
 (Index No. 505620/15)

[*1]Green Hills (USA), LLC, plaintiff-respondent,
v
Marjam of Rewe Street, Inc., et al., appellants, 15 Rewe Street, LLC, defendant-respondent, et al., defendants.

Nossaman LLP, New York, NY (Edward K. Roggenkamp IV of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Reckson Associates is the owner of Rewe Street and Ivy Hill Road, the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., Reckson Associates, Rewe Park, LLC, and Rewe Road, LLC, appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 9, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the plaintiff and the defendant 15 Rewe Street, LLC, which were for summary judgment declaring that Reckson Associates is the owner of Rewe Street and Ivy Hill Road, and that the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., Reckson Associates, Rewe Park, LLC, and Rewe Road, LLC, interfered with a particular easement, and denied the motion of the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., Reckson Associates, Rewe Park, LLC, and Rewe Road, LLC, for summary judgment on the counterclaims and cross claims of the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, to recover damages for breach of contract, for restitution, and a declaration that Rewe Park, LLC, is the owner of Rewe Street and Ivy Hill Road.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the separate motions of the plaintiff and the defendant 15 Rewe Street, LLC, which were for summary judgment declaring that the defendant Reckson Associates is the owner of Rewe Street and Ivy Hill Road, and substituting therefor a provision denying those branches of the motions, (2) by deleting the provision thereof denying that branch of the motion of the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., Reckson Associates, Rewe Park, LLC, and Rewe Road, LLC, which was for summary judgment on the counterclaim and cross claim of Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, for a declaration that Rewe Park, LLC, is the owner of [*2]Rewe Street and Ivy Hill Road, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., Reckson Associates, Rewe Park, LLC, and Rewe Road, LLC, which was for summary judgment on the counterclaim and cross claim of the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, Marjam Supply Co., Inc., 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, for Rewe Park, LLC, to recover damages for breach of contract from the plaintiff in the sum of $3,903, from the defendant 1 Rewe Street Realty, LLC, in the sum of $4,188, from the defendant West Terminal, LLC, in the sum of $6,521, and from the defendant 15 Rewe Street, LLC, in the sum of $1,523, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
Rewe Street and Ivy Hill Road (hereinafter together Rewe Street) are two connected, private streets in Brooklyn that run through an industrial park consisting of multiple lots. The original owner of Rewe Street and the industrial park, nonparty Newtown Industrial Center, created an easement granting each lot in the industrial park use of Rewe Street for ingress and egress from a public road. The easement required the owner of Rewe Street to maintain and repair the street, but required the owners of the lots fronting Rewe Street to share the cost of this maintenance based on each lot's frontage on Rewe Street.
In 2015, the plaintiff, which owns a lot fronting Rewe Street, commenced this action, inter alia, for a declaration that the defendant Reckson Associates is the owner of Rewe Street and breached the terms of the easement by failing to maintain Rewe Street. The plaintiff also alleged that the defendants Marjam of Rewe Street, Inc., Marjam Supply of Rewe Street, LLC, and Marjam Supply Co., Inc. (hereinafter collectively Marjam), interfered with the plaintiff's rights to the easement by storing equipment and storage containers on Rewe Street.
The plaintiff moved, inter alia, for summary judgment on so much of the complaint as sought a declaration that Marjam violated the terms of the easement by placing storage containers on Rewe Street and that Reckson Associates owned Rewe Street and violated the terms of the easement by failing to repair and maintain Rewe Street. The defendant 15 Rewe Street, LLC, separately moved, inter alia, for summary judgment on so much of its cross claim against Reckson Associates as alleged that Reckson Associates is the owner of Rewe Street, and for summary judgment declaring that Marjam violated the terms of the easement by placing storage containers on Rewe Street. Marjam, Reckson Associates, and the defendants 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., Rewe Park, LLC, and Rewe Road, LLC (hereinafter collectively the appellants), then moved, collectively, inter alia, for summary judgment on the counterclaims and cross claims of Marjam, 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, which sought a declaration that Rewe Park, LLC, was the owner of Rewe Street and had the obligation to maintain and repair Rewe Street, and to recover the costs incurred by Rewe Park, LLC, and Marjam in maintaining and repairing Rewe Street.
The Supreme Court granted the motions of the plaintiff and 15 Rewe Street, LLC, in part, determining that Marjam violated the terms of the easement by storing equipment and containers on Rewe Street, and that Reckson Associates is the owner of Rewe Street and violated the terms of the easement by failing to repair and maintain Rewe Street. The court denied the appellants' motion. This appeal ensued.
The Supreme Court erred in denying those branches of the appellants' motion which were for summary judgment on the counterclaims and cross claims of Marjam, 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, for a declaration that Rewe Park, LLC, was the owner of Rewe Street. It is undisputed that Reckson Associates owned Rewe Street prior to March 18, 2016. The appellants submitted a quitclaim deed dated March 18, 2016, wherein Reckson Associates conveyed its ownership of Rewe Street to Rewe [*3]Road, LLC, and a quitclaim deed dated September 23, 2016, transferring ownership of Rewe Street from Rewe Road, LLC, to Rewe Park, LLC. The appellants therefore established that Rewe Park, LLC, acquired title to Rewe Street on September 23, 2016. The plaintiff and the other defendants failed to raise a triable issue of fact in opposition. For the same reason, the court erred in granting those branches of the separate motions of the plaintiff and the defendant 15 Rewe Street, LLC, which were for summary judgment declaring that Reckson Associates is the owner of Rewe Street.
Since Rewe Park, LLC, was the owner of Rewe Street, the Supreme Court also erred in denying that branch of the appellants' motion which was for summary judgment on the counterclaim and cross claim of Marjam, 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, for a declaration that the plaintiff, 1 Rewe Street, LLC, West Terminal, LLC, and 15 Rewe Street, LLC, breached the terms of the easement by failing to contribute their pro rata share of the costs incurred by Rewe Park, LLC, in maintaining and repairing Rewe Street. It is undisputed that the terms of the easement required the owners of the lots fronting Rewe Street to reimburse the owner of Rewe Street for the costs of maintaining and repairing the street.
In support of their motion for summary judgment, the appellants submitted the affidavit of James Holiber, chief counsel for the appellants, who attested that Rewe Park, LLC, hired contractors to repair the pavement on Rewe Street and remove snow from it from 2016 through 2018. Holiber also submitted invoices and contracts demonstrating the costs of the maintenance and repair, and a survey establishing each lot owner's frontage on Rewe Street. Finally, Holiber calculated, based on this survey, each owner's pro rata share of the maintenance and repair costs, which established that the plaintiff, 15 Rewe Street, LLC, 1 Rewe Street, LLC, and West Terminal, LLC, were responsible for $3,903, $1,523, $4,188, and $6,521 of these costs, respectively. Accordingly, the Supreme Court should have awarded summary judgment on the counterclaim and cross claim against those entities to recover damages for breach of contract in those amounts. However, the appellants failed to move for relief against 6 Rewe Street, LLC, and therefore are not entitled to recovery from that entity.
The Supreme Court, however, properly determined that the appellants failed to establish, prima facie, their entitlement to summary judgment on the counterclaim and cross claim of Marjam, 8 Rewe Street, LLC, 12 Rewe Street, LLC, 16 Rewe Street, LLC, A & I Realty Corp., and Rewe Park, LLC, seeking restitution for Marjam's costs incurred in repairing and maintaining Rewe Street prior to 2016 based on a quantum meruit theory. "The elements necessary to establish a cause of action for quantum meruit are the performance of services in good faith, acceptance of services by the person to whom they are rendered, expectation of compensation therefor, and reasonable value of the services rendered" (Karimian v Time Equities, Inc., 164 AD3d 486, 490). Here, the appellants failed to submit any evidence demonstrating that the other owners of the lots fronting Rewe Street accepted Marjam's performance of the repairs and maintenance. Moreover, 15 Rewe Street, LLC, raised triable issues of fact in opposition through the submission of a 2017 letter from the plaintiff to the appellants stating that, inter alia, Marjam's services were not in the benefit of the other owners and were not based on a consensus of those owners.
Finally, the Supreme Court properly determined that Marjam interfered with the easement by storing equipment and containers on Rewe Street. The easement required both the owner of Rewe Street and the owners of the lots fronting Rewe Street to keep the easement open and unobstructed. The plaintiff and 15 Rewe Street, LLC, submitted evidence demonstrating that Marjam stored materials, vehicles, and equipment on Rewe Street, which obstructed the flow of traffic, and thus, established that Marjam interfered with the easement.
The appellants' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Reckson Associates owned Rewe Street prior to March 18, 2016; that Rewe Park, LLC, became the owner of Rewe Street on September 23, 2016; and that the plaintiff, 1 Rewe Street, LLC, West Terminal, LLC, and 15 Rewe Street, LLC, breached the terms of the easement by failing to contribute their pro [*4]rata share of the costs incurred by Rewe Park, LLC, in maintaining and repairing Rewe Street (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court